IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:09-CR-17 |
| | : | |
| JEFFREY BRIAN NICKEL, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S POST-TRIAL STATEMENT OF FACTS AND MEMORANDUM OF LAW

The defendant files the following post-trial Statement of Facts and Memorandum of Law in support of his position that the Court, sitting as the trier-of-fact in a non-jury trial, must find the defendant not guilty because the government has failed to prove his guilt beyond a reasonable doubt.

### Statement of Facts

The defendant adopts the government's Statement of Facts.

### Memorandum of Law

The defendant is charged in a one-count indictment with using a computer connected to the internet to knowingly attempt to persuade, induce, entice and coerce a minor to engage in sexual activity (child molestation under Georgia law). There is no dispute that the "minor" here was in fact a male law enforcement officer acting in an undercover capacity.

1

There is no dispute that the defendant communicated directly with the "minor." There is no dispute that the "minor" informed the defendant on several different occasions that "she" was under the age of 16[*], which is the age of consent for legal sexual activity under the Georgia child molestation statute (O.C.G.A. §16-6-4). There is no dispute that the defendant used a computer to send instant messages and emails to the "minor" on numerous occasions over two-month time span (mid-April to mid-June 2008). There is no dispute that the defendant and the "minor" instant messaged about sexual acts, including sexual intercourse, oral sex, and masturbation, and that during the instant messaging, the defendant almost always initiated the sexually explicit communications. There is no dispute that the defendant emailed pictures to the "minor" on the first few occasions they communicated over the internet (April 2008), one of which displayed an erect penis. Finally, and most significant to the defendant, there is no dispute that the defendant expressly told the "minor" on multiple occasions that he didn't want to rush or pressure her (GX 5B-4/21/08 IM-3:15 p.m.), he would never pressure or force her to do anything (GX 5D-4/25/08 IM-3:52 p.m.), that when they got back to the hotel they didn't have to do

---

[*] But the record also reflects that in an email dated June 16, 2008, at 11:36 p.m., the evening before the defendant was to meet with the "minor", he asked "her": "One more thing..you are 16, right?" Tr. 103-104; GX 5P.

anything you know-they could just talk and kiss or whatever-he didn't want to pressure her (GX 5J-6/10/08-IM-3:57-3:59 p.m.).

In the interest of candor and frankness, the defendant acknowledges that binding Eleventh Circuit precedent has construed the statute in question, 18 U.S.C. §2422(b), quite favorably to the government.  Stated another way, it does not appear that the Eleventh Circuit has ever held for the defendant in a case involving §2422(b).

In a series of three cases starting with *United States v. Root*, 296 F.2d 122 (11ᵗʰ Cir. 2002), our Circuit has consistently rejected any and all challenges to §2422(b).  *Root* addressed the contention that the involvement of an actual minor was required for conviction under §2422(b).  Focusing on the "attempt" provision in §2422(b), the *Root* Court held that a defendant's belief that a minor was involved is sufficient to sustain an attempt conviction.

In *United States v. Panfil*, 338 F.3d 1299 (11ᵗʰ Cir. 2003), our Circuit rejected overbreadth and vagueness challenges based on the argument that the words "entice" and "induce" were not defined in §2422(b), and held that the word "knowingly" in the statute ensured that only those who engaged in conduct with scienter were subject to prosecution.

Finally, in *United States v. Murrell*, 368 F.3d 1283 (11th Cir. 2004), our Circuit rejected a challenge that a defendant could not be convicted under §2422(b) unless he communicated directly with the minor.  In so doing, the *Murrell* Court held that attempted inducement of a minor through a third-party intermediary fit squarely within the conduct proscribed in §2422(b).

Yet even in light of what appears to be the Eleventh Circuit's prevailing "attitude" towards the construction and breadth of §2422(b), the Court has not gone so far as to suggest that ***all*** internet communications of a sexually explicit nature between an adult and a minor followed by a substantial step toward engaging in sexual activity constitutes a violation of the statute.

In *Murrell*, the Court noted that the government must prove two elements to obtain an attempt conviction under §2422(b):  First, the government must prove that a person using the internet, acted with "a specific intent to persuade, induce, entice or coerce a minor to engage in unlawful sex.  The underlying criminal conduct that Congress expressly proscribed in passing §2422(b) is the persuasion, inducement, enticement, or coercion of the minor rather than the act itself."  That is, if a person *persuaded* a minor to engage in sexual conduct (*e.g.* with himself or a third

party), without then actually committing any sex act himself, he would nevertheless violate §2422(b)."  368 F.3d at 1286 (emphasis in original) (footnotes omitted).  Second, the government must prove a person took a substantial step toward the intended goal of engaging in sexual activity with a minor.  "To find that a substantial step was taken, the court must determine that the defendant's objective acts mark his conduct as criminal such that his acts as a whole strongly corroborate the required culpability."  368 F.3d at 1288.

For purposes of our case, the defendant acknowledges that his objective acts corroborate an  intent to engage in sexual activity with the "minor" here, assuming "the minor" still wanted to do so when they actually met in person.  But the real question in our case, as framed by the *Murrell* Court's interpretation of the first required element for an attempt conviction under §2422(b), is whether the  defendant used the internet with the specific intent to persuade, induce, entice or coerce our "minor" to engage in sexual activity.  Stated simply (and as orally argued by defense counsel at the end of the non-jury trial), does all sexually explicit communication over the internet between an adult and a minor that  leads towards prohibited sexual activity satisfy the first element of the statute?

Assume for the sake of discussion that a minor, using the internet, initiates contact and all sexual explicit communications with an adult; the adult does nothing more than agree to engage in the prohibited sexual activity discussed with the minor. The adult then travels interstate by car to meet the minor at a hotel, where he has booked a room. The adult is arrested upon arrival at the meeting spot, and condoms are found on his person. Is the adult guilty of violating §2422(b)? The defendant contends that under the Eleventh Circuit's decision in *Murrell*, the answer is no -- for the adult did not specifically intend to persuade, induce, entice or coerce the minor, notwithstanding the sexually explicit communications and even though the adult's acts were intended to lead to prohibited sexual activity.

Candidly, if this Court disagrees with the above proposition, then the government will have met its burden of proving the defendant's guilt, for he has never disputed the sexually explicit internet communications with the "minor" nor his objective conduct thereafter. But if the Court accepts the defendant's proposition that more than sexually explicit communications between an adult and a "minor" are required to prove the first element of §2422(b), then the remaining inquiry is whether the government has proved here that the defendant's internet communications were specifically intended to persuade, induce, entice or coerce. In that regard, the defendant contends

the government's proof is insufficient to convict. The defendant repeatedly stressed in his internet communications with the "minor" that he did not want to pressure her or force her to do anything; that they didn't have to engage in sexual activity. The government's evidence failed to demonstrate that the "minor" was reluctant or resistant or unwilling to engage in sexual activity and thus that the defendant ever needed to persuade, induce, entire or coerce the "minor." Tr. 105; 115.

In conclusion, the defendant wants to make clear to the Court that the sole reason for the non-jury trial was to challenge the applicability of 18 U.S.C. §2422(b) to his conduct. The defendant does not deny the facts adduced at trial. The defendant does not offer justification for his conduct, for there is none. The defendant fully understands and accepts what he did was wrong. But the particular statute in question only criminalizes very specific conduct – that intended by an adult to persuade, induce, entice or coerce sexual activity with a minor.

Wherefore, the defendant prays that the Court find that the government has failed to prove beyond a reasonable doubt that his conduct

violated 18 U.S.C. §2422(b) as alleged in the sole count of the indictment.

Respectfully submitted,

*/s/ Steven H. Sadow*
STEVEN H. SADOW
Georgia Bar No. 622075
Attorney for Defendant

260 Peachtree Street, N.W.
Suite 2502
Atlanta, Georgia  30303
(404)  577-1400

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system that will automatically send e-mail notification of such filing to all parties of record.

*/s/ Steven H. Sadow*
STEVEN H. SADOW